| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO. _____ |

| | |
|---|---|
| JOSHUA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN SENIOR | ) |
| COMMUNITIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is Joshua Davis, a black/African American individual, who is a former employee of the Defendants.

2. The Defendant is American Senior Communities, LLC ("ASC"), a corporation authorized to do business in the State of Indiana and does so operating as "Heritage Park" at 901 Chestnut Hills Parkway, Fort Wayne, Indiana 46814. Defendant's Registered Agent is Teresa C. Williams, 6900 S. Gray Road, Indianapolis, Indiana 46237. Defendant was an "employer" for purposes of 42 U.S.C. § 1981, at all materials times to this Complaint.

3. The Plaintiff was employed by the Defendant from on or about January 15, 2023, until his wrongful termination on or about March 15, 2023. He held the position of bus driver for the Defendant's Heritage Park facility at the time of separation from employment and had performed within the reasonable expectations of the Defendant at all material times.

4. Beginning around the first week of his employment, the Plaintiff was subjected to multiple incidents in which the Defendant's maintenance worker, Jake Beltz referred to black/African American employees as "n-ggers". The Plaintiff verbally objected to the use of the slur, but the co-worker continued to utilize the slur in the Plaintiff's presence during the following month.

5. On or about March 3, 2023, the Plaintiff spoke to two supervisors, and complained about the co-workers' ongoing use of the offensive racial slur. However, nothing improved, and the co-workers' behavior and racially offensive slurs continued.

6. On or about March 15, 2023, the Plaintiff received an unjustified disciplinary write-up, for allegedly committing a no-call/no-show infraction. The Plaintiff met with the Defendant's Human Resources representative regarding the allegation. During part of the meeting, the Plaintiff asked for information about any follow-up done in response to the Plaintiff's earlier complaint regarding the co-worker's use of the offensive racial slur.

7. The Human Resources representative discounted the Plaintiff's inquiry and complaint about the racially offensive and harassing conduct of the co-worker. In an apparent to the significance of the Plaintiff's concerns and deflect away from his concerns, the representative asked the Plaintiff if he was "only asking" about the matter due to his write-up.

8. On or about March 31, 2023, an incident occurred in which the Plaintiff was told by Human Resources that he would no longer be permitted to wear a particular sweatshirt that he had periodically worn to work without problem or objection prior to the date of

–2–

his complaint about the co-worker. Now however, the Human Resources representative claimed that the particular sweatshirt was allegedly unacceptable and claimed it "defaces the Statue of Liberty", which was false.

9. The Plaintiff filed Charge of Discrimination 24D-2022-00140/ EO-0128-A23 with the Fort Wayne Metropolitan Human Relations Commission ("METRO") on April 4, 2023, alleging that the Defendant had harassed the Complainant on the basis of his race (black/ African American) and retaliated against for complaining about the racial slurs ibn the workplace.

10. On or about April 18, 2023, the Plaintiff was suspended by the Defendant, for alleged reckless driving. The Plaintiff adamantly denies the allegations. He contends that the suspension was in reality, prompted by racially discriminatory motives and retaliation for having complained of racially discriminatory and/or racially harassing conduct in the workplace, and for filing his Charge of Discrimination.

11. On or about April 21, 2023, the Defendant terminated the Plaintiff.

12. The Plaintiff contends that the Defendant harassed, discriminated against, retaliated against, and wrongfully terminated the Plaintiff, on the basis of his color/race (Black/ African American) in violation of the Plaintiff's federally protected rights under 42 U.S.C. § 1981.

13. The Defendant's complained of unlawful discriminatory, harassing, and retaliatory conduct, furthermore, was the direct and proximate cause of the Plaintiff suffering the loss of job- and job-related income including benefits, and also subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

14. The Defendant's racially harassing, discriminatory, and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under § 42 U.S.C. 1981.  Imposition of punitive damages is therefore appropriate.

WHEREFORE Plaintiff, by counsel, respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS WALLACE, LLP**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail: cmyers@myers-law.com
*Counsel for Plaintiff*